HEALY et al. v. INSURANCE CO. OF THE STATE OF PENNSYLVANIA.

(Supreme Court, Appellate Division, First Department. April 20, 1900.)

1. FIRE INSURANCE—PREMIUM.
    Where a broker was employed to obtain insurance on certain property, and the company delivered the policy to him without the payment of the premium, and it was delivered by him to the insured, the company cannot resist payment of loss because the premium was not paid.

2. SAME—PROOF OF LOSS—EVIDENCE.
    It is not error, in an action on a fire policy, where a proof of loss is admitted in evidence, to refuse to rule on the admission thereof as to the purposes for which it may be used, where the evidence is competent for any purpose.

3. SAME.
    Where the amount of the loss in an action on a fire policy is stipulated, it is harmless error to admit the proofs of loss in evidence for the purpose of showing the amount of such loss.

**4. SAME—CANCELLATION OF POLICY.**

It is not error, in an action on a fire policy, to exclude a letter canceling the policy, which was written by the manager of the company to the insured, when there is no evidence showing that such letter had been delivered or mailed.

**5. SAME.**

Where a fire policy provided that it could be canceled on five days' notice, and four days before the loss the company wrote a letter to the insured, stating that the policy had been canceled according to a notice given in a former letter, the company was liable for the loss, where it did not appear that the former notice had been given.

**6. SAME—AUTHORITY OF BROKER.**

Where a broker had been employed by the plaintiff to procure a fire policy on certain property, which he did, notice afterwards given by the company to such broker, of an intention to cancel the policy, was not sufficient to warrant a cancellation thereof, as he had no authority to consent thereto.

**7. SAME.**

Where the evidence was conflicting, the jury was authorized in finding that oral notice of the cancellation of a fire policy had never been given.

**8. SAME—INSTRUCTION.**

Where the plaintiff's claim in an action on a fire policy was not based upon the fact that a certain broker was the agent of the defendant, it was not error to refuse to instruct that the burden of proving such agency was upon the plaintiff.

Appeal from trial term, New York county.

Action by John Healy and another against the Insurance Company of the State of Pennsylvania on a fire policy. From a judgment in favor of plaintiffs, and an order overruling a motion for a new trial, the defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Benno Loewy, for appellant.

James P. Niemann, for respondents.

RUMSEY, J. The action was brought to recover upon a policy of insurance issued to the plantiffs. The issue and delivery of the policy was admitted by the pleadings, but the defendant denied that it ever received any premium; it denied that the plaintiffs kept all the terms and conditions of the policy; it denied the amount of the loss; and, as a further defense, it alleged that the policy was canceled before the fire. The policy was issued on the 19th of August, 1893. It was procured by one Muirheid, a broker employed by the plaintiffs for the purpose. Muirheid was accustomed to offer to the defendant, among other companies, insurance which he was employed to place, and, if the company accepted the insurance, he received a commission from it; otherwise not. This policy had been delivered by the defendant to Muirheid, and was by him turned over to Bahan, who, on behalf of the plaintiffs, had applied to Muirheid to obtain it, and was by Bahan delivered at once to the plaintiffs. At the time of the delivery of the policy to Muirheid he paid nothing to the company, nor did Bahan pay anything to Muirheid when he received the policy, but he did pay the premium on this policy, either just before or just after the fire, which took place in November, 1893. He had a running account with Muir-

heid for insurance procured, which he paid when he was asked to. Muirheid paid the defendant the premium on the policy, but it was returned to him on the 12th of November, 1893, shortly after the fire. Whether or not the premium was paid is not material upon the question of the validity of the policy. If the company saw fit to issue the policy to Muirheid without requiring prepayment from him of the premium, a delivery by him to Bahan made the policy valid; and that the policy was in fact delivered to the plaintiffs without requiring the payment in advance was conceded by the pleadings. Upon the trial proofs of loss which had been served upon the defendant were produced by it, and were offered in evidence by the plaintiffs. Certain objections were taken to them, but they were overruled. The defendant's counsel thereupon asked if the proofs of loss were received without any limitation, to which the court replied that they were. To that an exception was taken, and the proofs of loss were read in evidence. We can see no error in this ruling. That they were competent for certain purposes is not denied, and therefore the plaintiffs were authorized to offer them in evidence for every purpose for which they were competent. The court was not called upon, when they were received in evidence, to rule as to the purposes for which they might be used. If it was desired to limit them in any regard, that might have been done by a direction to the jury, or in any other way the court saw fit at the proper time; but when they were made competent, as they were here, the court was justified in receiving them for any purpose for which it was proper to use them. The particular objection taken here was that the proofs of loss were not competent as proof of the loss or of the amount which the plaintiffs were entitled to recover. It may be sufficient to say in that regard that there is nothing to show that they were used for that purpose, but, in addition to that, it can be said that the amount of the loss was stipulated between the parties, so that, if the proofs of loss had been received for that purpose, no harm could have come to the defendant by that ruling, because the amount of the verdict, agreed upon between the parties, was not affected by anything contained in the proofs of loss, so far as the jury were concerned.

The defendant claims that the policy had been canceled. By the terms of the policy the company was at liberty to cancel it upon five days' notice given of such cancellation. A letter was produced, written by the manager of the company, addressed to the plaintiffs, dated the 19th of September, 1893, to the effect that the company desired to recall the policy. There was no offer to prove that the letter had ever in fact been delivered to any one connected with the plaintiffs personally, nor was there any evidence that it had been mailed, and it was, therefore, properly excluded when offered in evidence. But it appeared that a letter was written on the 3d of November by the manager of the defendant, addressed to the plaintiffs, in the following terms:

"Referring to our notice of Sept. 19th, 1893, regarding cancellation of policy No. 209,198, would say that same has been marked off the books of this company, and in case of loss or damage by fire any claim that may be made under

same will be disallowed by the company. Kindly return the policy to this office and oblige."

On the 6th of November the plaintiffs, in reply to that letter, acknowledged the receipt of it, and said that, if the defendant would return the premium,—that is, the amount of money which they should receive for the unexpired term of the policy,—they would forward the policy as requested. No reply was made to that letter, and the loss occurred the next day. The letter of November 3d did not operate to revive or establish a cancellation on the 19th of September, because there was no evidence that any notice of such cancellation had been forwarded to the plaintiffs. If operative at all, it could only be as a notice of cancellation on the 3d of November, the date of the letter; but, as such, it could have no effect to cancel the policy until five days after its date at the very least, and before that time the fire had occurred, and the liability of the defendant had accrued. This letter, therefore, is of no importance as showing that the policy had been canceled. The defendant, however, produces another letter, which was written to Muirheid on the 1st of September, advising him of the defendant's desire to cancel the policy which had been issued to the plaintiffs. Any notice given to Muirheid on that date of a desire to cancel the policy had no effect upon the rights of the plaintiffs, because, the policy having been delivered by Muirheid to them before that time, no authority could be implied on his part to consent to the discharge of the contract. Hermann v. Insurance Co., 100 N. Y. 411, 3 N. E. 341. But Muirheid testified that, in compliance with that notice, he called upon Healy, one of the plaintiffs, and advised him that the company had canceled the policy of insurance. Whether a parol notice of a desire to cancel a policy of insurance would be effective in any case is quite doubtful; but, without deciding that question, and admitting, for the purposes of this case, that a parol notice was sufficient, the jury found that as a fact no such notice had been given. That finding of the jury was justified by the testimony. Although Muirheid testified that he gave the notice to Healy, Healy emphatically denied that any one from the insurance company had called upon him in respect to that matter, or that he had received any letters in that regard from the company before the one dated November 3d. The testimony of Oberlee was such that the jury were perfectly justified in disregarding it if they saw fit to do so, and therefore, when they were called upon to determine the question whether a parol notice of the cancellation of this policy had actually been given to either of the plaintiffs, they were at liberty to find that it had not been done.

Several exceptions were taken to the rulings of the court with regard to the relations between Muirheid and the defendant. The court, being asked, declined to charge that the burden of showing that Muirheid was the agent of the defendant was upon the plaintiffs. To that refusal of the court to charge no exception was taken, but, if it had been, there was no error in the ruling which could have been prejudicial to the defendant. The plaintiffs based no claim in respect to this policy upon the fact that Muirheid was the defendant's agent. Whether he was or not was entirely immaterial in the

case, and no such question was submitted to the jury, and they were not called upon to pass upon it in any way. For this reason all the exceptions taken in this regard are of no avail.

We find no error in the judgment in this case, and the judgment and order must be affirmed, with costs. All concur.

