### 692.   FAIN & STAMPS *v.* SOUTHERN RAILWAY CO.

1. The law of this case is decided by the Supreme Court in *Kavanaugh* v. *Southern Railway Co.*, 120 *Ga.* 62 (47 S. E. 526).
2. There was no material error in the charge of the court or in the admission of testimony, and the verdict is fully warranted by the evidence.

Action for damages, from city court of Atlanta—Judge Calhoun. July 3, 1907.

Argued November 25, 1907.—Decided February 24, 1908.

*Moore & Pomeroy*, for plaintiffs.

*Dorsey, Brewster, Howell & Heyman*, for defendant.

HILL, C. J.  Fain & Stamps sued the Southern Railway Company in the city court of Atlanta, to recover damages alleged to have been done to certain apples shipped from Belmont, N. Y., to Atlanta, Ga.  The petition contained two counts.  The first count was based on the statutory liability of the defendant under section 2298 of the Civil Code, as the last connecting carrier receiving the apples "as in good order."  The second count was against the defendant on its common-law liability as a carrier. The defendant denied liability, and pleaded a special contract made with the consignor by the initial carrier in New York, which amounted to a waiver of the statutory liability.  This case as to its facts is exactly similar to the case of *Kavanaugh v. Southern Railway Co.*, 120 *Ga.* 62 (47 S. E. 526), the only difference being that in this case the apples alleged to have been damaged were shipped from New York to Atlanta, Ga., and in the *Kavanaugh* case the apples were shipped from New York to Savannah, Ga.  The Supreme Court in the *Kavanaugh* case held that the statutory remedy given by §2298 of the Civil Code was waived by the special contract between the consignor and the initial railroad, and in such case the consignee's remedy is upon the common-law liability of the carrier over whose line the shipment was made; and in that case, there being only one count based upon the statutory remedy, and this remedy being waived by a special valid contract, the court properly directed a verdict for the defendant. In the present case there were two counts, as above stated, and Judge Calhoun, following the decision of the Supreme Court in the *Kavanaugh* case, on proof of the special contract made between the consignor and the initial carrier, which was inconsistent with the statutory remedy provided for in §2298 of the Civil Code, withdrew from the jury the first count of the petition, which was based upon this statutory remedy, and instructed the jury that in determining the question of liability they could only take into consideration the second count of the petition, on the defendant's common-law liability.  The decision of the Supreme Court being absolutely controlling and binding upon this court, it would be profitless to consider the exceptions which assign error in the judgment of the lower court in allowing an amendment setting up the special contract made by the consignor with the initial carrier in New York, in allowing proof of such contract, and in withdraw-

ing from the consideration of the jury the first count of the petition.

2. When a railroad company is sued on its common-law liability for damages to goods delivered by it in a damaged condition, the presumption arises that the goods were received by it in good order, and, consequently, that the damages occurred while the goods were in its possession; and the railroad company, when sued, must overcome this presumption by proof. The petition, in this count, alleged, that when the apples were delivered to the consignee in Atlanta, they were in a damaged and unmerchantable condition, and that this damaged condition was due to an unreasonable delay in conveying the apples from the shipping point to destination. The evidence in support of these allegations was that the shipment was made from Belmont, N. Y., on October 6, and should have been delivered in Atlanta not later than October 12, but that they were in fact not delivered until October 20, and that when the apples were delivered, the market price of apples in Atlanta had declined forty cents per bushel. The evidence of the consignee is, that the market for apples in Atlanta went all to pieces on October 16, and that when he received these apples on October 20, they were worth forty cents per bushel less than they would have been if they had been received on the 12th or 13th, when they should have been received but for the unreasonable delay; and that the agent of the railroad company and himself had agreed on forty cents per bushel decline as being the difference in the market price on the 12th of October and the 20th of October. The evidence in behalf of the railroad company indisputably shows that the car-load of apples shipped on October 6 from the initial point at Belmont, N. Y., was delivered by the Norfolk & Western Railroad Co. to the defendant at Bristol, Tennessee, on October 16, and that the defendant, leaving Bristol, at two o'clock p. m. on October 16, brought the car-load of apples from Bristol to Atlanta, reaching Atlanta on October 18, and that the distance between these two points is four hundred miles; and the consignee admits that he received the car-load of apples on the 20th and had it forwarded to Macon because of the fact that the Atlanta market had declined. It therefore appears from this evidence that the delay in the shipment was not by the defendant, but that it transported the car-load of apples with all reasonable diligence from

Bristol, where it was received, to Atlanta; and it also appears from the evidence of the consignee himself that the damage for which he sues, to wit, the decline in the price of apples, had taken place before the car-load of apples was received by the defendant company at Bristol. We therefore conclude, both as to the question of negligence and the resulting damage, that the jury were authorized to find a verdict for the defendant.

3. The charge of the court as to the measure of damages, which is excepted to, we think is immaterial, in view of the fact that the jury found for the defendant. The measure of damage does not become material till there has been proof of damage and liability. In this case, however, under the evidence, the measure charged by the court was the one which had been agreed upon by the parties in the event the railroad was liable.

We think there is no merit in the other exceptions to the charge of the court and to the admission of certain testimony.

*Judgment affirmed.*