## 5144. QUINLAN *v.* THE STATE.

1. The evidence demanded a finding that the accused engaged in the business of selling substitutes for intoxicants, without having first obtained a license and paid the tax required by law, in violation of section 448 of the Penal Code. The fact that the license was obtained and the tax paid some months after the accused began to do business might be considered in mitigation of the punishment, but constitutes no defense to a prosecution under this section of the code.
2. The fact that the jurors put upon the accused had previously tried a similar case against another person afforded no ground for challenge to the array. If the accused desired to make the point that any of the jurors were not impartial, it should have been done by a challenge to the poll. *Bryan* v. *State,* 124 *Ga.* 79 (52 S. E. 298); *Paulk* v. *State,* 2 *Ga. App.* 662 (58 S. E. 1109). In view of the fact that the jurors were put upon their voir dire and qualified as impartial jurors, the ruling in *Lewis* v. *State,* 118 *Ga.* 803 (45 S. E. 602), is not applicable.
3. Even if it was erroneous to admit in evidence a certified copy of the application to sell "near beer," made by the accused to the mayor and council, it was harmless error. It being admitted that the accused had engaged in the sale of "near beer" without license and payment of the tax, it was wholly immaterial whether it was done with or without the consent of the mayor and council.
4. For the same reason it is not cause for a new trial that the court admitted in evidence copies of a letter from the Governor of Georgia to the attorney assisting in the prosecution, designating him as special agent to collect the unpaid taxes due by "near beer" dealers, and a letter from this attorney to the accused demanding payment of the tax.
5. The refusal of the trial judge to allow counsel additional time, under superior-court rule No. 5 (Civil Code, § 6264), to argue a misdemeanor case, will not be cause for a new trial, when the evidence demands a conviction.
6. In view of the fact that the evidence demanded the conviction, the assignments of error upon the charge of the court will not be considered.

DECIDED OCTOBER 28, 1913.

Indictment for misdemeanor; from Bibb superior court—Judge Mathews. July 25, 1913.

*John R. Cooper, O. C. Hancock, C. A. Glawson,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

POTTLE, J. The evidence demanded the conviction of the accused. It is a violation of the very letter of section 448 of the Penal Code to engage in the sale of substitutes for intoxicants without having first obtained a license and paid the tax required by law. This being so, it is wholly immaterial what instructions were given to the jury.

The proper way to test the competency of an individual juror is by challenge, to the poll. The fact that the panel of jurors put upon the accused had previously tried a similar case did not authorize a challenge to the array. Each juror should have been challenged, put upon his voir dire, and his impartiality tested. Under the decision in *Lewis* v. *State,* 118 *Ga.* 803 (45 S. E. 602), relied on by counsel for plaintiff in error, where proper challenge is made, it is the duty of the trial judge to frame appropriate questions and test the competency of the jurors. The record in the present case discloses that the jurors were put upon their voir dire, and all of them qualified. The refusal of the court to sustain the challenge is not cause for a new trial. ·

Rule No. 5 of the superior court (Civil Code, § 6264) provides that if counsel for the accused in a. misdemeanor case will state in his place or on oath, as the judge may require, that he can not do justice to his client within the thirty minutes allowed by the rule, and state how much additional time will be necessary, "the court shall grant such extension of time as may seem reasonable and proper." In *Chance* v. *State,* 97 *Ga.* 346 (23 S. E. 832), the judgment was reversed because the trial judge refused to allow counsel one hour within which to argue a misdemeanor case. See, also, *Jones* v. *State,* 123 *Ga.* 129, 131 (51 S. E. 312). Since the adoption of the code, and of course subsequently to these rulings, the rule has been amended by the substitution of the word "may" for "shall" in the reference to the extension of time; and the rule now contemplates that the court shall have some discretion in the matter. The evidence demanded the verdict. No amount of argument could have helped the accused. It will not be assumed that the jury would have been so swayed by the argument and eloquence of his counsel as to bring in a verdict in plain violation of law. There is nothing in the decisions of the Supreme Court to conflict with what we now rule, and' there was certainly no abuse of discretion in refusing to grant the additional time.     *Judgment affirmed.*