## 5197.  KINCAID *v.* THE STATE.

1. The fact that the panel of jurors put upon the accused heard the evidence introduced upon a previous trial of one jointly indicted with the accused, and after the conclusion of the evidence were ordered from the court-room by the judge, is no ground for challenge to the array. A challenge might have been made to any juror whose competency the accused desired to test.

2. On the trial of one charged with gaming it is not error to charge that if the accused played and bet for money as alleged in the indictment, it is immaterial whose money it was or who put up the money with which he played.

3. The refusal of the trial judge to accede to a request, privately made to him before the jury had retired, but after the indictment had been handed them, to conceal from the jury, by pasting paper over it, a verdict which a previous jury had entered on the bill of indictment on the trial of one jointly indicted with the accused, is no cause for a new trial. This is a matter within the discretion of the trial judge.

4. Where the guilt of the accused rests entirely upon circumstantial evidence, failure to charge the jury on the law relating to this character of evidence is error requiring the grant of a new trial.

DECIDED OCTOBER 28, 1913.

Indictment for gaming; from Bartow superior court—Judge Fite.  August 23, 1913.

*Neel & Neel,* for plaintiff in error.

*Sam. P. Maddox, solicitor-general,* contra.

POTTLE, J. 1.  The accused challenged the array of jurors put upon him, on the ground that the jury had heard the evidence introduced against one of the other persons jointly indicted with him and alleged to have been in the same game.  This did not dis-

qualify the entire panel of jurors, but if the accused desired to test the competency of any particular juror, it should have been done by a challenge to the poll. *Quinlan* v. *State,* ante, 669 (79 S. E. 768). In the present case the trial judge fully guarded the right of the accused, by putting each of the jurors upon his voi dire and asking him the statutory questions prescribed for felony cases. If the accused was not satisfied with any of the jurors who thus qualified, he should have put them upon the court as a trior and attacked their competency.

2. It was not erroneous to charge the jury that if the accused played cards and bet for money as charged in the indictment, it was immaterial whose money it was or who put up the money with which he played.

3. The fact that the judge declined to accede to a request, privately made to him before the jury had retired, but after the indictment had been handed the jury by the solicitor-general, to conceal from the jury, by pasting a paper over it, the verdict of guilty which a previous jury had rendered on the trial of one of the other persons jointly indicted with the accused, is not cause for reversing the judgment refusing a new trial. The request probably came too late to avail the accused, but even if not, this was a matter in the discretion of the trial judge.

4. The evidence was very weak and barely, if at all, sufficient to authorize the verdict. There was no direct evidence that the accused himself played or bet for money. He was in a party, some of whom either had been playing or were preparing to play. The conviction was based wholly upon circumstantial evidence, and the judge should have charged the law in reference to this character of evidence. His failure to do so is made the subject of a special assignment of error in the motion for a new trial, and, following the ruling which we have recently made in *Allen* v. *State,* ante, 657 (79 S. E. 769), this ground of the motion is well taken and a new trial should have been granted. The general charge of the court is not sent up with the record so as to enable us to see exactly what the judge did charge, but in approving the recitals of fact contained in the amended motion for a new trial, the judge certifies that he omitted to charge the rule relating to circumstantial evidence.

*Judgment reversed.*