## 10800. WATERS *v.* THE STATE.

1. Under the ruling of the Supreme Court in *Summerlin* v. *State,* 150 *Ga.* 173 (103 S. E. 41), the court did not err in overruling the demurrer to the presentment.
2. The court did not err in denying the defendant's motion to require the State to elect upon which count of the presentment it would place the defendant on trial, or in allowing the State to try the defendant under all three of the counts.
3. Where a paper which is capable of influencing the jury on the side of the prevailing party goes to the jury by accident and is read by them, the verdict will be set aside.
4. None of the other special grounds of the motion for a new trial shows reversible error.

DECIDED JULY 29, 1920.

Conviction of involuntary manslaughter; from Clarke superior court — Judge Cobb. June 21, 1919.

*W. M. Howard, Green & Michael, W. M. Smith, John B. Gamble,* for plaintiff in error.

*W. O. Dean, solicitor-general, T. W. Rucker, S. C. Upson,* contra.

BROYLES, C. J. The 3d headnote alone needs elaboration. The 7th special ground of the motion for a new trial is as follows: "Because the verdict of the jury in the case of The State vs. M. T. Summerlin, who was jointly indicted with movant, was allowed

to be carried out by the jury trying movant and kept by said jury while considering movant's case. The verdict of the jury in the said case of the State vs. M. T. Summerlin was as follows: '1. We, the jury, find the defendant M. T. Summerlin not guilty of the offense of murder, as under the 1st count. 2. We, the jury, find the defendant M. T. Summerlin guilty of involuntary manslaughter in the commission of an unlawful act, as under the second count. 3. We, the jury, find the defendant M. T. Summerlin not guilty of assault with intent to murder, as under the third count. May 16th, 1919. R. T. Goodwin Sr., Foreman.' Said verdict was not written on the presentment, but was written on a separate sheet of paper which was pinned to said presentment. On the trial of movant said verdict was detached by counsel for movant and delivered to the clerk of said court, and, just before the charge of the court, the solicitor-general asked counsel for movant, in open court, if they wanted the verdict in the case of The State vs. M. T. Summerlin to go out with the jury with the presentment. Counsel for movant then and there and in open court objected to said verdict being sent out with the jury, but in some manner, unknown to movant or his counsel, said verdict did go out with said jury, and this without the knowledge or consent and over the objection in open court of movant. That the verdict of the jury finding guilty M. T. Summerlin, who was a joint defendant in said presentment with movant, was allowed to go out with the jury trying movant was error and highly prejudicial to movant, for the reason that said verdict had no bearing on the guilt or innocence of movant; and that the same was highly prejudicial to movant is shown by the fact that the jury trying movant made a faithful copy of said verdict, even to the unnecessary details of copying the following letters and figures at the heading of the same: 'Ent. 45-585,' the same being the notation that the clerk of the court had made on the verdict in said Summerlin case, showing that said verdict had been entered in minute book 45, page 585; the verdict rendered in movant's case being an exact copy as to each count of the verdict in the case of The State vs. Summerlin, with the exception of the necessary changes in names of defendant, foreman of jury, and dates of rendition, the verdict rendered in movant's case being as follows: 'Ent. 45-585. 1. We, the jury, find the defendant

W. G. Waters not guilty of the offense of murder, as under the 1st count. 2. We, the jury, find the defendant W. G. Waters guilty of involuntary manslaughter in the commission of an unlawful act, as under the second count. 3. We, the jury, find the defendant W. G. Waters not guilty of assault with intent to murder as under the third count. May 21st, 1919. I. N. Butler, Foreman." The judge's note qualifying his approval of this ground is as follows: "As to the 7th ground this statement is now made: There was no motion to the court to cover or detach the verdict on the Summerlin case, and there was no ruling by the court of any character on the subject-matter of the 7th ground."

In *Killen* v. *Sistrunk, 7 Ga.* 283, it is held that "where a paper, which is capable of influencing the jury on the side of the prevailing party, goes to the jury by accident and is read by them, the verdict will be set aside, although the jury may think that they were not influenced by such paper; aliter where the paper is not read." This ruling has been uniformly followed by the Supreme Court and by this court. In the instant case it is evident, from all the facts stated in the motion for a new trial, that the jury read the Summerlin verdict before they wrote their verdict in this case, and it is probable that the reading of the former verdict influenced them in their finding in this case. The fact, as stated by the judge in his note, that counsel for the defendant made no motion to the court to have the paper on which the Summerlin verdict was written kept from the jury, does not, under all the other facts shown, render this ground unmeritorious. If the Summerlin verdict had been written on the presentment itself, we would hold that counsel for the defendant should have made such a motion to the court. It is shown, however, that the Summerlin verdict was written on a separate sheet of paper, which was pinned to the presentment in the instant case; that counsel for the defendant, before the papers were submitted to the jury, detached from the presentment the paper containing the Summerlin verdict and handed it to the clerk of the court; that when the solicitor-general asked counsel for the defendant in open court if they wanted the verdict in the Summerlin case to go out with the presentment, to the jury, counsel for the defendant objected to said verdict being sent out with the jury. An inference is clearly demanded, from this ground of the motion,

that the solicitor-general accepted this objection of counsel for the defendant as finally disposing of the question, and that it was mutually understood and tacitly agreed by both parties that the paper in question would not be submitted to the jury, and that through accident it was given to them. Under these circumstances we think that counsel for the defendant exercised proper diligence in the premises. On account of this prejudicial paper having gone to the jury, the defendant did not have a fair trial such as the law requires, and the court erred in overruling his motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*