*Denny & Wright,* for defendant.

---

### 14922. CARNES v. BRAY.

BELL, J. 1. There was some evidence to authorize the verdict found for the claimant.

2. The court did not err in refusing a new trial to the plaintiff in fi. fa. on the ground that a previous verdict in favor of the claimant, later

set aside by the grant of a new trial, was allowed to go out with the jury in the second trial, the prior verdict being written upon the claim, and no request or motion for its concealment or exclusion being made by the plaintiff in fi. fa. or his attorney. See *Keefer* v. *Pinion*, 11 *Ga. App.* 843 (76 S. E. 648); *Kincaid* v. *State*, 13 *Ga. App.* 683 (3) (79 S. E. 770). This ruling is not in conflict with the decision of this court in *Waters* v. *State*, 25 *Ga. App.* 577 (3) (103 S. E. 835). In that case, the verdict was not written upon the indictment, but upon a separate sheet of paper which was pinned thereto. This sheet was detached by the defendant's attorney and handed to the clerk. Thereafter in some way unknown to the defendant or his counsel "said verdict did go out with the jury." In the decision in that case the court said: "If the Summerlin verdict [Summerlin being a joint defendant] had been written on the presentment itself, we would hold that counsel for the defendant should have made such a motion to the court."

        *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

                   DECIDED DECEMBER 7, 1923.

Levy and claim; from Putnam superior court—Judge Park. July 18, 1923.

*R. C. Jenkins*, for plaintiff.

*Davidson, Callaway & DeJarnette*, contra.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*