WILLIAMS *v.* TRUST COMPANY OF GEORGIA, executor.

No. 10122.   JANUARY 16, 1935.

*Howell, Heyman & Bolding, Howell & Post, N. F. Culpepper, Culpepper & Murphy, Chester A. Byars,* and *John R. Strother,* for plaintiff in error.

*Crenshaw & Hansell* and *Beck, Goodrich & Beck,* contra.

HUTCHESON, Justice.   The Trust Company of Georgia filed in Spalding court of ordinary a petition for probate of the last will and testament of William H. Williams, deceased, and attached a copy of said will thereto.   A caveat, with numerous amendments thereto, was filed, and the ordinary admitted the will to probate. Appeal was taken in regular form to Spalding superior court, where a trial by jury was had, a verdict and judgment being rendered in favor of the propounder of the will.   It is to this judgment that exception is taken.

■ The motion for new trial contains fifteen special grounds assigning error.   The first five grounds deal with the question of undue influence, and complain because the court marked certain paragraphs of the caveat "stricken" or "omit," and failed to charge thereon.   There being nothing in the evidence to show fraud or undue influence on the part of the propounder, the striking of these paragraphs, if error, was harmless.   *Kincaid* v. *State,* 13 *Ga. App.* 683 (3) (79 S. E. 770).

■ The court did not err in allowing the testimony of Dr. Willis Jones, or of Dr. W. A. Hasty, as each of said witnesses had qualified as an expert and were by reason of their professions "expert

witnesses." Redfearn on Wills, 75, § 44; *Glover* v. *State*, 129 *Ga.* 717 (3) (59 S. E. 816).

■ Ground 8 of the motion for new trial assigns error upon the court's refusal to allow a witness to testify as to the purchase of a certain building and what was paid for it. There was no positive evidence, the witness merely stating what "he recalled," and the court committed no error in ruling out the testimony, as well as the sales record. See *Thompson* v. *Thompson,* 77 *Ga.* 692 (3 S. E. 261).

■ Ground 9 of the motion for new trial assigns error upon an excerpt from the charge of the court, as follows: "Now, gentlemen of the jury, the plaintiff in this case contends that this instrument which is attached to the petition for probate, and referred to therein as a paper, the same being the will executed by William H. Williams on the date as is shown by the will itself, was truly and in fact the legal will of William H. Williams. I shall not read this will to you, because it has already been read to you when the case was opened, and you will have this will out with you for your inspection, and you will have full opportunity to scrutinize it; but you will understand that this petition of the propounders, which is the petition which is necessary to assert and have recorded this paper as the will of William H. Williams, if in fact it is allowed to be recorded by this jury, after passing upon all facts in the case, as the will of William H. Williams." It is alleged by movants that this charge contains an expression of opinion on the part of the trial court. When the charge is considered as a whole, there is no merit in this contention.

■ The subject of monomania having been fully covered in the general charge, and the mistake of fact allegation having been abandoned, there is no merit in the other grounds of the motion.

■ As we view this case, it is only a question of whether or not the testator was of sound mind and memory at the time he executed the will in question. It is true that there is some conflicting evidence, but witnesses of prominence have testified as to his mental condition. The case has been tried before a jury of his fellow citizens, who have had ample time and opportunity to observe the testator, and the jury has found, after hearing all the evidence, that he was not mentally unbalanced at the time of the execution of the will.

*Judgment affirmed. All the Justices concur except Gilbert, J.; disqualified.*