### 24065. WILLIAMS v. WILLIAMS, by Next Friend.

MOBLEY, Justice. The appeal is from a judgment denying the appellant's motion for summary judgment in an action brought against her by the appellee, through next friend, to set aside three deeds to 150 acres of land, in which the appellee was the grantor and the appellant the grantee. The three deeds were executed on July 15, 1963, April 27, 1964, and May 1, 1964, respectively, and each conveyed the same tract of land, all subject to a life estate in the grantor's father. The grounds alleged in the petition, as amended, for setting aside the deeds are mental incompetency to make a valid deed, and fraud on the part of the grantee, consisting of her feeding intoxicating liquor to him, and causing him, while in an intoxicated condition, to execute the deeds to her, while telling him they were being made to his daughter. After hearing and consideration of evidence consisting of depositions, answers to interrogatories, and affidavits, the trial judge denied the appellant's motion for summary judgment. The sole enumeration of errors is the denial of the motion for summary judgment. *Held:*

The trial court properly denied the motion for summary judgment as the evidence was conflicting on the material issues, whether the appellee was competent to make a valid deed, and whether the appellant procured the execution of the deeds to her by fraud, and there is a genuine issue of fact on material issues to be determined. See *Code Ann.* § 110-1203.

The burden of proof rests upon the grantor to show that none of the three deeds is valid. Thus he must show that he was mentally incompetent to make each of the deeds, or that each was procured by fraud practiced upon him by the grantee. "In order to avoid a deed on the ground of mental incapacity of the grantor, he must have been *non compos mentis,* that is, entirely without understanding, at the time the deed was executed." *Thomas v. Lockwood,* 198 Ga. 437 (1) (31 SE2d 791). In determining such issue, evidence as to the state of the grantor's mind for a reasonable period both before and after the transaction may be considered, and might be such as would authorize a finding against contractual capacity at the time the deed was executed, despite evidence of witnesses who were present at the time and testified that the grantor did have such capacity. *Thomas v. Lockwood,* 198 Ga. 437, 446, supra, and cases cited; *Pantone v. Pantone,* 206 Ga. 305 (57 SE2d 77); *Kesler v. Kesler,* 219 Ga. 592 (2) (134 SE2d 811). See also *Code* § 38-102.

The only evidence as to the grantor's condition at the actual time of the signing of any of the deeds was as to the one executed on April 27, 1964. Mary Carter, secretary to Louis Adams, attorney, in an affidavit stated that she drew that deed at the request of the grantor, that he signed it in her presence, that Mr. Adams also witnessed his signature, and that he "appeared to be of sound mind and was sober, and not acting under the influence of alcoholic beverages, and was acting of his own free will and accord." Mr. Adams, in his affidavit, stated that he witnessed the deed, but he made no statement as to the grantor's condition.

The grantor in an affidavit stated that he did not remember signing any of the deeds, for the reason that he was under the influence of intoxicating liquor furnished to him by the grantee in the deed "to the extent that he was deprived of his reason and that his mind was disqualified from apprehending the nature of his acts and the probable consequences thereof," and that from July 15, 1963, through May 1, 1964, she was feeding liquor to him to the extent that he was constantly drunk to the extent that he did not know his property or the value thereof. His brother testified that the grantor was mentally incompetent during all this period of time, was drinking heavily, and was drunk most of the

time in 1963, 1964, and 1965, stating specifically that "he stayed drunk I know for a solid year without drawing a sober breath." His mother also testified that he drank heavily, that she signed the petition to send him to Milledgeville State Hospital because he was mentally ill, and that he had not had his right mind for 15 or 20 years. There is additional evidence that might be recounted, but it is clear from that given that the evidence is conflicting on the material' issues, which must be resolved by a jury.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 8, 1967—DECIDED MAY 18, 1967.

*E. Louis Adams,* for appellant.
*Eugene C. Black,* for appellee.