## 27055. SMITH v. SMITH.

SUBMITTED MARCH 13, 1972—DECIDED APRIL 6, 1972—
REHEARING DENIED APRIL 20, 1972.

*Paul J. Jones, Jr., Eric L. Jones,* for appellant.
*Carl K. Nelson, Jr.,* for appellee.

GRICE, Presiding Justice. This appeal is from the denial of a defendant's motion for new trial and also the denial of his motion for judgment notwithstanding the verdict, in an action involving a deed. The action was filed in the Superior Court of Laurens County by Lenice Smith, as administratrix of the estate of her mother, Mrs. O. W. Smith, against her brother Ralph J. Smith. Count 1 of the complaint sought cancellation of a deed upon the grounds of undue influence and mental incomptency. Count 2 sought that the land be impressed with a trust for the benefit of another brother, who was physically afflicted. The defendant denied the essential allegations of the complaint. Upon the conclusion of the evidence, the plaintiff withdrew Count 2 from the complaint.

Thereupon the defendant moved for a directed verdict, which was denied, and the jury rendered a verdict for the plaintiff administratrix.

Subsequently, the defendant made the motions for a judgment notwithstanding the verdict and for new trial upon the general grounds, which brought about the appeal.

It is apparent from the enumeration of errors that there is actually only one issue before this court: whether there was any evidence to support a finding of undue influence or mental incompetency.

1. There was no evidence whatsoever of any undue influence to submit to the jury. The deed in question was exe-

cuted on November 12, 1957, while the plaintiff administratrix was living in the mother's home but the defendant was residing elsewhere. The undisputed evidence was that the mother went alone to the office of an attorney who, at her request, drew the deed in accordance with her instructions. Several days later the mother executed the deed, which bears the attestation of this attorney as a notary public and that of another witness.

2. We conclude however, that there was sufficient evidence to sustain the jury's verdict upon the ground that the mother did not have mental capacity to do so at the time in question.

The evidence is in conflict on this issue. The attorney testified that the mother was "mentally alert and knew what she was doing" when she executed the deed. No other witness testified as to her mental condition upon this occasion.

Also, there was testimony by several witnesses to the effect that she was normal mentally at several other times prior thereto.

However, there was contrary evidence for the jury's consideration. One of her daughters testified that most of the time during the last fifteen years of her life, which would include the period involved here, the mother "didn't know what she was doing," and that she had a disturbed and confused mind. Another daughter swore that as much as twelve years before her death, which also would include this period, the mother "didn't know what she was doing, didn't know anybody around her." Others gave testimony which was merely conclusory and therefore without probative value.

In considering this evidence on the issue of mental capacity, there are two well established principles which are applicable here.

To begin with, "In order to avoid a deed on the ground of mental incapacity of the grantor, he must have been non compos mentis, that is, entirely without understanding, at the time the deed was executed." *Thomas v. Lockwood,* 198 Ga. 437 (1) (31 SE2d 791).

Furthermore, "In determining such issue, evidence as to the state of the grantor's mind for a reasonable period both before and after the transaction may be considered, and might be such as would authorize a finding against contractual capacity at the time the deed was executed, despite evidence of witnesses who were present at the time and testified that the grantor did have such capacity. [Cits.]" *Williams v. Williams,* 223 Ga. 374, 375 (155 SE2d 383).

Therefore, in view of the conflict in the evidence here, we have no hesitancy in concluding that an issue of fact was presented for the jury's consideration.

It follows that the trial court properly denied the motion for new trial on the general grounds and also the motion for judgment notwithstanding the verdict.

*Judgment affirmed. All the Justices concur.*