## 52258. CHRISTIANSEN et al. v. ROBERTSON.

PANNELL, Presiding Judge.

The appellants, daughter and father, brought a complaint against James L. Robertson in the Superior Court of DeKalb County, seeking recovery for personal injuries received by the daughter and for property damage to an automobile and medical and travel expenses, etc., of the appellant-father. The collision occurred when an automobile driven by the wife and the mother of the appellants made a left turn in front of an automobile driven by Robertson in an area which had a posted speed limit of 35 miles an hour, and which was hilly. The evidence was in dispute as to the speed of the Robertson automobile and as to the visibility because of the hills. The daughter suffered personal injuries; and hospital bills, medical expenses, etc., were incurred by the father and considerable damage done to both automobiles; that of the father and that of the defendant. The jury returned a verdict in favor of the defendant as to both complainants. The complainants appeal to this court. *Held:*

1. It is clear from the evidence that the daughter suffered severe injuries as the result of the collision, requiring hospital and medical treatment, and that she suffered considerable pain during that time. The question of liability was in dispute. The only way the jury could have found against the plaintiff was solely on the question of lack of liability on the part of the defendant.

(a) It follows that the enumerations of error on charges given and failure to charge in certain particulars, all as to the matter of damages, if error, were harmless error. (Enumerations of error 6, 7, 8 and 9.) *Fain v. Southern R. Co.,* 3 Ga. App. 734, 737 (3) (60 SE 359); *Hill v. Harris,* 11 Ga. App. 358 (6) (75 SE 518). (b) And as a corollary, the failure to admit certain testimony of a doctor objected to as not responsive to a question, which answer indicated a possibility of aggravation of the injury if a future trauma were to occur; and excluding a letter written by a doctor relating to the extent of the daughter's injuries and progress, over objection it was hearsay, was similarly harmless, even if error. (Enumerations of error 4 and 5.) *Foy v. Edwards,* 118 Ga. App. 665 (2) (165 SE2d 176); *Stubbs v. Greyhound Lines,* 116 Ga. App. 58 (2) (156 SE2d 474); *Hieber v. Watt,* 119 Ga. App. 5 (6) (165 SE2d 899).

2. Error is enumerated on the giving of a charge on sudden emergency (Enumeration of error No. 1). Prior to the jury retiring to deliberate the case, this charge was "excepted" to, but no ground of objection or exception was stated as required by Section 17 of the Appellate Practice Act (Ga. L. 1965, pp. 18, 31) as amended by Section 9 of the Act of 1968 (Ga. L. 1968, pp. 1072, 1078); Code Ann. § 70-207). *MacDougald Const. Co. v. State Hwy. Dept.,* 125 Ga. App. 591 (2) (188 SE2d 405); *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (1) (149 SE2d 393) as modified by *A-1 Bonding Service v. Hunter,* 125 Ga. App. 173, 179 (186 SE2d 566).

3. In enumeration of error No. 2, appellant complains of the failure to give the following request to charge: "Ladies and Gentlemen of the Jury, I charge you that under the law of this State an extra-judicial statement, or—stated another way—a statement made out of court by an opposing party inconsistent with the position of that party taken at trial is positive evidence of the fact asserted notwithstanding that party's denial at the trial of having made the statement. The evidentiary value of such an out-of-court statement is not annulled by the contradictory testimony of the person charged with making it. It is for you the Jury to determine whether such an out-of-court statement was true or false when made."

He relies upon *Petty v. Folsom,* 229 Ga. 477, 478 (192 SE2d 246); and *Faulkner v. Brown,* 92 Ga. App. 602, 603 (89 SE2d 583). Both of these cases relate to the admissibility of such evidence. The trial judge did give the following charge: "I charge you that you may consider any voluntary statements or admissions made by the parties in the case if you find the same were voluntarily made." While this charge may not have been as complete as that requested, it covers the subject matter thereof, and it is our opinion that under the facts and circumstances of the case, and the charge given, there was no harm done to the appellant. Former Code § 70-207 of the Code of 1933 requiring a reversal if a proper request to charge was not given in the language requested was repealed by the Appellate Practice Act of 1965. Ga. L. 1965, pp. 18, 39.

4. Error is enumerated on the refusal of the trial judge to permit a police witness with a number of years experience as an investigator of automobile collisions "to testify regarding the speed of appellee's automobile at the time it began to skid" prior to the impact "and to reconstruct, based on his expertise and investigation, the occurrence before and during the time of the subject collision."

In passing on this enumeration of error we pretermit any question as to whether it violates the rule relating to the requirement that enumerations of error shall be separately stated. *Mull v. Emory University, Inc.,* 114 Ga. App. 63, 64 (2) (150 SE2d 276).

(a) As to the reconstruction of the collision, the record discloses the following occurred: "Q. Sgt. Howell, from your experience as a police officer in the field of accident investigation and from your observation and investigation of the subject occurrence, can you reconstruct exactly what happened at the time, what happened in this accident?" Attorney for the defendant: "I'm going to object to that question." The court: "I'll sustain the objection to the question as propounded, ask him specific questions." The plaintiff's attorney then asked a number of specific questions among which was "have you previously, using your knowledge from a police report, reconstructed this accident on one of these charts?" To which the witness replied that he had. And then in

answer to further questions, the witness demonstrated the point of impact on a chart, the placement of the automobiles at the point of impact, the direction they were moving prior to impact, the terrain of the road approaching the point of impact and the viewability of each of the two automobiles as to each other approaching the impact area, the location of the automobiles after the impact and the damages done to each. It follows, therefore, that even if the question had been a proper one and the objection thereto was insufficient, or improper, no harm was done the appellant as the officer did reconstruct the event in detail as the result of the subsequent questioning.

(b) Four pages later, on the transcript, the following occurred: "Q. What would be your opinion, based on this experience, of the speed of the Robertson automobile at the time that it began the skid of 61 feet?" Attorney for the defendant: "There has been no proper foundation laid for this question." The Court: "I don't think you have laid the proper foundation. Q. Sgt. Howell, would you go over for us your training?" The Court: "We have been over this, it is only as to speed that we are talking about." The examining attorney then sought to qualify the witness as an expert as to speed and was unsuccessful in getting answers, but only got questions from the witness in return, and apparently abandoned the endeavor. However, be that as it may, and irrespective of whether the trial judge abused his discretion (see *Clary v. State,* 8 Ga. App. 92 (2) (68 SE 615); *McDowell v. State,* 78 Ga. App. 116, 117 (2a) (50 SE2d 633); *Carroll v. Hayes,* 98 Ga. App. 450, 452 (105 SE2d 755)), in refusing to allow the witness to answer the question we cannot say the error was harmful in the absence of a showing by the appellant to the trial judge what the witness was expected to answer. See *Ga., F. & A. R. Co. v. Blish Milling Co.,* 15 Ga. App. 142, 152 (82 SE 784).

5. Complaint is made of the refusal of the trial judge to submit proposed "questions" of fact to the jury for discussion. Section 49 (a) of the Civil Practice Act (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 236; 1972, pp. 689, 696; Code Ann. § 81A-149) provides: "The court may require a jury to return only a special verdict in the form of a special

written finding upon each issue of fact." Subsection (b) of Section 49 of the Civil Practice Act, which makes it the duty of the trial judge, upon written request, to require the jury to return only a special verdict in certain types of cases, has no application here. It is within the court's discretion as to whether he will require a special verdict under Section 49 (a) of the Civil Practice Act. *Pressley v. Jennings,* 227 Ga. 366 (180 SE2d 896). We find no abuse of discretion here where the proposed "questions" did not amount to the submission of questions of fact for a special verdict, but merely submitted questions as to findings as to negligence, or no negligence, as to the two drivers, and upon the giving of certain answers to the questions, instructed the jury as to the finding of a *general verdict* for either complainant or defendant based thereon. In the forms submitted, the proposal did not amount to a special verdict, but merely an instruction that if certain findings were made, their general verdict would be either for the plaintiff or for the defendant. Further, the proposed questions and the resulting general verdicts based thereon would have left out an important element of the case; that is, whether or not the mother's negligence was the sole proximate cause of the injury and damage sustained by the complainants. We, accordingly, find no error.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

ARGUED JUNE 8, 1976 — DECIDED JULY 13, 1976 — REHEARING DENIED JULY 28, 1976 — ▮▮▮▮▮▮▮▮

*Skinner, Wilson, Beals & Strickland, John V. Skinner, Jr., Earl B. Benson, Jr.,* for appellants.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler,* for appellee.