## 64288. CARTER v. LANDY.

McMURRAY, Presiding Judge.

This is an appeal by the plaintiff from an order granting a partial summary judgment to the defendant physician on the issue of false imprisonment in an action arising out of allegations of battery and false imprisonment. As to the false imprisonment issue plaintiff contends her detention in a mental institution was illegal and unauthorized due to the willful and intentional acts of the defendant (a medical doctor who had her institutionalized at the Georgia Regional Hospital).

The defendant answered denying the claim and as a defense alleged at all times "material and pertinent hereto, defendant has been in the exercise of that degree of care and skill required by law and no act or omission on the part of the defendant either caused, contributed to, or produced injury or damage to plaintiff." *Held:*

Under the definition of false imprisonment found in Code § 105-901 we find that it consists "in the unlawful detention of the person of another, for any length of time, whereby he is deprived of his personal liberty." It is clear here from the admitted facts that

the plaintiff was detained under the procedures set forth in Code Ann. § 88-501 et seq. (Ga. L. 1978, pp. 1789, 1826; 1979, pp. 723, 734; 1980, pp. 1451, 1454-1456; 1981, pp. 996, 998). We are particularly concerned with Code Ann. §§ 88-504.2 and 88-504.6 (Ga. L. 1978, pp. 1789, 1809, 1811) with reference to emergency admission of a patient, in this case the plaintiff herein. While the case does not involve medical malpractice, nevertheless it appears here that the defendant was called as a medical doctor to consider the mental condition of the plaintiff and for emergency examination by the physician to determine if there was any reason to believe that the patient may be a mentally ill person requiring involuntary treatment and to execute a certificate to that effect, after which the patient shall be transported to an evaluating facility for evaluation and such treatment as is indicated by good medical practice. Under Code Ann. § 88-505.5 (Ga. L. 1978, pp. 1789, 1813) a patient may be discharged after evaluation. In determining opinions as to the mental condition of a person a physician in this state can rely upon his personal observation, as well as testimony of observed behavior by others. See discussion of expert testimony as to mental condition in *Redwing Carriers v. Knight,* 143 Ga. App. 668, 672 (6) (239 SE2d 686). See also the rules established in Georgia in *Potts v. House,* 6 Ga. 324 (2), 335; *Morgan v. Bell,* 189 Ga. 432 437-438 (5 SE2d 897); *Petty v. Folsom,* 229 Ga. 477 (2), 479-480 (192 SE2d 246). Compare *Moore v. State,* 221 Ga. 636 (5), 642-645 (146 SE2d 895). As to this patient the defendant physician personally observed marked irrational behavior, having agitation, "emoting," "apprehensive," imagined injuries which he diagnosed as symptoms of organic and inorganic psychosis, and as appearing to be mentally ill so as to endanger herself or others.

Accordingly, while this is a false imprisonment case the standard to determine whether or not the plaintiff was unlawfully detained, that is, deprived of her personal liberty for any length of time, was a medical standard. Therefore, we look to the cases involving medical malpractice such as *Parker v. Knight,* 245 Ga. 782 (267 SE2d 222); *Payne v. Golden,* 245 Ga. 784 (267 SE2d 211); and *Aaron v. Harrison,* 160 Ga. App. 172 (286 SE2d 762) to determine whether or not the defendant exercised reasonable medical care in diagnosing the plaintiff's mental condition and acted properly based upon that diagnosis. Defendant offered his own expert medical testimony that he exercised proper medical care in rendering his diagnosis and utilized proper legal procedures in effectuating the transfer of the plaintiff patient to the Georgia Regional Hospital. Thus, in consideration of a motion for summary judgment when such evidence has been presented that the doctor exercised proper medical care and then used proper medical procedures if the

opposing party (the plaintiff in the case sub judice) does not present expert medical opinion to counter the defendant physician's expert opinion, the physician is entitled to summary judgment. There is no such evidence offered by plaintiff in the record here, and it is undisputed that the observations and opinions of the defendant physician were within the exercise of reasonable medical care; and there is no medical testimony to contradict his observations and opinions as such expert. The trial court did not err in granting a partial summary judgment as to the issue of false imprisonment.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED SEPTEMBER 14, 1982.

*Larry G. Yarbrough, James C. Strayhorn,* for appellant.
*J. M. Hudgens IV,* for appellee.