23080. HARRIS v. THE STATE.

SUBMITTED SEPTEMBER 14, 1965—DECIDED OCTOBER 7, 1965.

*J. W. Yarbrough,* for plaintiff in error.

*Robert L. Vining, Jr., Solicitor General, Arthur K. Bolton, Attorney General, J. R. Parham,* contra.

Cook, Justice. The only headnote requiring elaboration is headnote 3. In ground 4 it is asserted that it was error to fail

to charge the jury *Code Ann.* § 27-2501, providing that in all felonies, except those therein excepted, the jury may recommend punishment as for a misdemeanor. It is contended that if the evidence in the case showed that the crime of robbery was committed, it was committed by the use of an offensive weapon, which is not one of the excepted felonies. Counsel for the defendant cites in this connection *Moody v. State*, 216 Ga. 192 (3) (115 SE2d 526), in which it was held that robbery by the use of an offensive weapon was not one of the felonies excepted in the Act of 1939 (Ga. L. 1939, p. 285; *Code Ann.* § 27-2501), and that the trial judge should have charged the jury that they might recommend punishment as for a misdemeanor. The defendant in the present case was charged with the crime of robbery by force, and rulings made in the *Moody* case are not applicable in the present case.

The law on the question of whether or not misdemeanor punishment may be imposed for the crime of robbery by force needs clarification by the General Assembly of this State. In § 27-2501 of the Code of 1933 it was provided that all felonies, except those therein enumerated, are punishable as prescribed, but on the recommendation of the jury trying the case, when approved by the trial judge, the crimes shall be punished as misdemeanors, and that the judge trying the case may reduce the felonies to misdemeanors. The excepted felonies did not include any crime of robbery.

In 1939 (Ga. L. 1939, pp. 285-288) the General Assembly passed an Act dealing with several matters in connection with sentencing persons convicted of felonies and misdemeanors. This Act did not specifically repeal § 27-2501 of the Code of 1933, but § 2 of the Act has almost the identical wording of § 27-2501 except that the crime of robbery by force is added to the list of felonies not punishable as misdemeanors.

In 1964 (Ga. L. 1964, pp. 483-485) the General Assembly passed an Act repealing laws dealing with indeterminate sentences and providing that juries shall prescribe sentences for a specific number of years. In § 1 of this Act it is provided: "An Act approved March 24, 1939 (Ga. L. 1939, p. 285), otherwise known as Code section 27-2526, which provides for an indeterminate sentence in cases of felonies not punishable by life im-

prisonment is hereby repealed in its entirety." While obviously aimed at repealing only that section of the Act of 1939 providing for indeterminate sentences, this section plainly repeals the 1939 Act in its entirety. Section 5 of the 1964 Act provides as follows: "Nothing herein shall be construed to preclude either the jury or the judge from reducing the punishment for felonies to misdemeanors as provided by an Act approved March 24, 1939 (Ga. L. 1939, p. 285)."

The conflicting provisions of the 1964 Act present the questions: (1) Was the 1939 act repealed in its entirety? (2) If the act of 1939 was repealed, would § 27-2501 of the Code of 1933, which did not include the crime of robbery by force in the felonies which could not be punished as for misdemeanors, and which was repealed by implication by the 1939 Act, be restored to full effect?

"That all parts of a legislative enactment shall, if possible, be harmonized and so construed as to reconcile apparent conflicts and to give effect to the apparent intention of the lawmakers, is a cardinal rule in the construction of statutes." *Cason v. Harn*, 161 Ga. 366 (2) (131 SE 88). While §§ 1 and 5 of the 1964 Act (Ga. L. 1964, pp. 483-485) are conflicting, we are of the view that the legislative intent, as evidenced by the entire Act, was not to repeal § 2 of the 1939 Act (Ga. L. 1939, pp. 285, 287), dealing with the reduction of felony sentences to misdemeanors.

In this view of the legislative intent in the 1964 Act (Ga. L. 1964, pp. 483-485), the crime of robbery by force is included in those felonies which may not be punished as for misdemeanors, and the trial judge in the present case did not err in failing to charge the jury that they might recommend that the defendant be punished as for a misdemeanor.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*