## 29201. PRICE v. THE STATE.

SMALL CAPS SUBMITTED SEPTEMBER 6, 1974 — DECIDED DECEMBER 3, 1974.

*Tom Cain,* for appellant.

*Bryant Huff, District Attorney, Gary L. Davis, Assistant District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Deputy Assistant Attorney General,* for appellee.

GRICE, Chief Justice.

Billy Joe Price was convicted in the Superior Court of Gwinnett County of rape and aggravated sodomy, and sentenced to 10 years on each charge, to be served concurrently. He appeals from his conviction and sentence.

■ The first error enumerated is the denial of the appellant's motion for new trial on the general grounds. He argues that the evidence was insufficient to support the verdict because there was no corroboration of the alleged victim's testimony that the sexual intercourse was forcible and against her will.

The alleged victim was a taxi driver in Atlanta. The appellant was her passenger in a late evening trip from Atlanta to Lawrenceville.

She testified in material part as follows: that she was not familiar with Lawrenceville; that when she arrived there the appellant gave her directions, as she supposed, to the address he had given her; that when he directed her to turn into a dirt road, she inquired if he was sure that he knew where he was going; that he insisted that he did, and gave her further directions; that she proceeded under his directions, then stopped the taxi, and again inquired whether he was sure that he knew where he was going; that he reached over and threw the gear in park; that he made advances to her, which she repulsed; that he began pulling her clothes off, forced her out of the taxi and onto the ground, and thereafter committed repeated acts of rape and aggravated sodomy; and that during the course of committing these crimes he threatened to cut her throat and to strangle her.

The appellant in his testimony admitted that he had sexual intercourse with her but stated that she cooperated with him.

In corroboration of the victim's testimony the state introduced the testimony which follows.

The physician who examined her on the day following the alleged crimes testified that she had scratches on her back, buttocks, and on the back of her arms and legs; that she had a bruise approximately three inches in diameter on her left upper arm; and that she had some superficial abrasions in the vaginal area.

Officer Wheeler of the Gwinnett County Police Department testified that at approximately 3:00 o'clock in the morning after the alleged crimes, the victim followed his police vehicle until he stopped, and then pulled in behind him; that he went to the taxi and inquired what her problem was; that the victim was shaking all over, was in a highly upset state of mind, and repeatedly cried out that she had been raped; and that her hair was "messed up," and her sweater had leaves on it.

Detective Graham of the Gwinnett County Police Department testified that he and Sergeant Phillips went with the victim to a place described by her and located a

blouse on the road, which she identified as hers; and that the victim exhibited abrasions on her back to him.

Sergeant Phillips of the Gwinnett County Police Department testified that he interviewed the victim at an early morning hour after the alleged crime; that she was "shook-up," her clothes were disorderly, her hair was "in strings, wadded up," and she had mud on her clothes. He further testified that he and Detective Graham located a blouse identified by the victim as hers.

The evidence sufficiently corroborated the victim's testimony that the rape and aggravated sodomy were committed forcibly and against her will. *Ford v. State,* 227 Ga. 279, 280 (180 SE2d 545).

■ The second enumerated error asserts that the trial court erred in allowing into evidence, over the objection that it was hearsay testimony, the testimony of Officer Wheeler to the effect that the victim screamed to him several times, "I've been raped."

In corroboration of the victim's testimony that a rape has been committed on her, testimony is admissible that shortly after the commission of the offense she made complaint to those to whom complaint would naturally be made. *Thomas v. State,* 144 Ga. 298, 301 (87 SE 8).

Where the complaint is made so shortly after the commission of the act as to constitute a part of the res gestae, the details of the complaint may be related. *Hooks v. State,* 215 Ga. 869 (7) (114 SE2d 6); *Pierce v. State,* 230 Ga. 766 (2) (199 SE2d 235).

The record indicates that Officer Wheeler was the first person to whom the victim spoke after the commission of the crimes on her. He was a police officer, and it was natural that she make a complaint to him.

The complaint was apparently made very shortly after the crimes had been committed, since the victim was still in a highly emotional state, and had a disheveled appearance. The statements to Officer Wheeler were thus a part of the res gestae. Therefore, not only the fact that she made complaint, but also the details of the complaint, were admissible in evidence.

■ Enumerated error 3 contends that it was error for the trial court to comment, "This is a fact . . ." after Officer Wheeler stated that, "I presume, there must be some force

with rape."

It is argued that the effect of this statement by the trial judge was to suggest that a fact essential to the conviction of the appellant had been established by the evidence.

The record shows that this statement of the trial judge did not follow in sequence after the remark of the witness. Counsel for the appellant objected to the remark of Officer Wheeler, as follows: "Well, we move that that be stricken from the record, your honor, we are not going on presumption here, if your honor please." The court then stated: "This is a fact, and this is a decision that this jury has to make whether there was force based on the testimony."

Obviously there was no error in this comment of the trial judge. Furthermore, there was no objection to the judge's remark.

■ Enumerated error 4 asserts that the trial judge erred by stating in the presence of the jury during the testimony of the alleged rape victim, "Let me interrupt you here a minute, I am going to suggest that the language, what you are about to hear may be undesirable . . ."

It is argued that this was a comment on the testimony of the victim, and that it magnified the value of this testimony in the presence of the jury.

This comment of the trial judge was made while suggesting that a mother who was sitting with a young child in the courtroom should remove the child. After objection to the remark by counsel for the appellant, the judge explained the reason for it, and overruled the objection. Further testimony given by the victim did, indeed, contain "undesirable" language for the hearing of a young child.

The trial judge did not abuse his discretion in suggesting the removal of the young child from the courtroom. The statement made in connection therewith was not an improper comment on testimony, and did not magnify its value in the presence of the jury.

■ The fifth enumerated error contends that the court erred in sustaining the state's objections to the following questions by defense counsel to the victim: "And

have you lived continuously with your husband?" and "Do you live with anyone else other than your husband?"

It is argued by the appellant that these questions were relevant on the question of the general character of the victim, since the appellant's defense was that she consented to the sexual acts.

The questions did not relate to the general character of the victim. If it was the object of the questions to inquire of the victim whether she lived with some man other than her husband, the questions were improper. This court, in a recent unanimous decision, considered conflicting prior cases, and ruled that the victim of an alleged rape may not be cross examined as to specific acts of prior sexual intercourse with men other than the accused. *Lynn v. State*, 231 Ga. 559 (1) (203 SE2d 221).

■ The sixth enumerated error is the denial of the appellant's motion for a mistrial because of the following statement by the assistant district attorney in the presence of the jury: ". . . but when someone is contacted concerning a case and we expect the testimony of this witness [the victim] to show that she was threatened concerning her testimony in this case."

It is contended that this was prejudicial error because state's counsel presented a fact before the jury which had not been proved in the case.

State's counsel was questioning the victim concerning a telephone conversation. When she began to relate what a woman said to her, counsel for the appellant objected on the ground that it was hearsay. Counsel for the state then made the statement complained of in this enumerated error. The judge ruled that the victim would not be allowed to relate this hearsay testimony. Counsel for the appellant thereupon made a motion for mistrial because of the statement by state's counsel that he expected the victim's testimony to show that she had been threatened.

It is, of course, improper for state's counsel to make statements concerning matters which are not in evidence. However, we do not think that the statement, in its context, which did not in any way link the appellant with the asserted threatening message, was such harmful error as to require a new trial.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*