## 30871. BURNETT v. THE STATE.

JORDAN, Justice.

This is an appeal from convictions of rape, robbery and burglary, for which appellant received a 15-year and two 5-year sentences to run concurrently. Appellant enumerates as error the overruling by the trial court of his motion for new trial on the sufficiency of the evidence and the admission into evidence of prior and subsequent crimes of a similar nature attributed to appellant. We hold that the trial court properly overruled the motion and affirm.

1. Examination of the record shows that at about 8:30 on the morning of February 2, 1973, the prosecutrix was home alone when appellant suddenly appeared in her bathroom standing over her with a knife. The appellant threatened to kill her if she did not cooperate, and forced her into the bedroom. There he forced her to disrobe and to commit sodomy and intercourse with him. Thereafter, he led her downstairs where he took fifteen dollars from her wallet and left.

The prosecutrix waited a few moments before going to a neighbor's house to make a report of the incident. At the advice of the neighbor, she went to see her personal physician, and although she related the incident to him, she refused to be examined as she was too upset and had sustained no injuries. On the same day she also reported the incident to the police.

The state introduced the testimony of a female who testified that on December 29, 1972, while living in the same neighborhood as the prosecutrix, appellant entered her house and raped her at the point of a knife. The prosecutrix' daughter testified that on February 5, 1973, just three days after her mother was raped, she awoke to find appellant standing over her in the bedroom holding a knife. When he ordered her to disrobe she screamed, and he fled. Another female, also living in the same neighborhood, testified that on February 13, 1973, at around 8:00 a.m. appellant appeared at her bedroom door with a knife. He attempted to have intercourse with her but was apparently made nervous by a large dog in the house and was unsuccessful. He did, however,

successfully rob her of ten dollars. Yet another female testified that she also lived in the neighborhood and that on February 23, 1973, at approximately 8:00 a.m. she noticed appellant walking down her street checking windows and doors of various houses. After he walked out of sight, she went to the street and flagged down a passing police car and gave him a description of the appellant. Appellant was arrested that morning.

The appellant's contention that the evidence was insufficient to support the verdict, and that the victim's testimony of rape was not sufficiently corroborated is without merit. The victim's testimony is supported by independent evidence that she made a fresh complaint to a neighbor and reported the incident to her doctor and the police. Such reports and outcrys were sufficient independent evidence to corroborate her testimony. See *Morgan v. State,* 229 Ga. 532 (192 SE2d 338) (1972) and *Riggins v. State,* 226 Ga. 381 (174 SE2d 908) (1970); compare *Griffith v. State,* 176 Ga. 547 (168 SE 235) (1932). Appellant complains that there is no independent evidence sufficient to convict him, nor is there sufficient evidence to corroborate that the victim was actually raped. This is an inaccurate statement of the law. The quantum of corroboration needed in a rape case is not that which is in itself sufficient to convict the accused, but only that amount of independent evidence which tends to prove that the incident occurred as alleged. *Morgan v. State,* supra; *Dobbs v. State,* 214 Ga. 206 (104 SE2d 121) (1958). Furthermore, it is not necessary that expert medical testimony be introduced to corroborate the actual consummation of the rape. *Mitchell v. State,* 225 Ga. 656 (171 SE2d 140) (1969). Slight circumstances may be sufficient corroboration, and ultimately the question of corroboration is one for the jury. If there is any corroborating evidence, we will not go behind the jury and pass upon its probative value. *Morgan v. State,* supra; *Dorsey v. State,* 204 Ga. 345 (49 SE2d 886) (1948). The evidence supports the verdict.

2. We do not agree with appellant's contention that the testimony of the four female witnesses as to similar prior and subsequent conduct of appellant was not relevant to the issues at trial.

"It is well settled by many decisions of this court in rape cases that proof of similar offenses committed by the accused in the same locality, about the same time, and where similar methods were employed by the accused in the commission of such offenses, all as here, is admissible on his trial for the purpose of identifying him as the guilty party and for the purpose of showing motive, plan, scheme, bent of mind, and course of conduct." *Anderson v. State,* 222 Ga. 561 (3) (150 SE2d 638) (1966).

A review of the evidence sub judice shows that all the incidents happened within a period of two months and within a four or five square block area; that all the rapes and attempted rapes were committed by a man with a knife; that in all incidents the assailant stealthily entered the victim's house through a window or unlocked door; that all the victims gave similar descriptions to the police; and that each woman positively identified appellant as the culprit. This testimony was properly admitted. See *Payne v. State,* 233 Ga. 294 (210 SE2d 775) (1974).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 8, 1976 — DECIDED APRIL 6, 1976.

*John Wright Jones,* for appellant.
*Andrew J. Ryan, Jr., District Attorney, Michael K. Gardner, Assistant District Attorney, Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr., Staff Assistant Attorney General,* for appellee.