## 54243. PUTMAN v. THE STATE.

QUILLIAN, Presiding Judge.
Defendant appeals his conviction of criminal attempt to commit rape. *Held:*

1. Defendant has failed to argue or present citations of authority in the brief relative to enumerations of error two and three. They are deemed abandoned. *O'Neal v. Haverty Furniture Cos.,* 138 Ga. App. 346 (226 SE2d 141); Rule 18 (c) (2) of this court, Code Ann. § 24-3618 (c) (2).

2. It is alleged that the verdict is contrary to the evidence and that the trial judge erred in failing to grant defendant's motion for a directed verdict of not guilty, because the testimony of the female involved "was unsupported by the evidence." We do not agree.

The victim testified as to the attempt of the defendant to accomplish sexual intercourse with her, against her will. Her sister-in-law entered the bedroom at the time of this incident and her version of what she observed corroborated the victim's description. The victim also made an immediate complaint to her father.

Georgia statutory law requires that "[n]o conviction shall be had for rape on the unsupported testimony of the female." Code Ann. § 26-2001 (Ga. L. 1968, pp. 1249, 1299). Here, the victim's testimony was corroborated by her sister-in-law. Further, the defendant admitted on cross examination that he was lying on top of the victim in the bed, but that it was "both our idea." The quantum of corroboration needed in a rape case — and in this attempted rape case, is not that which is in itself sufficient

to convict but only that amount of independent evidence which tends to prove the incident occurred as alleged. *Morgan v. State,* 229 Ga. 532 (192 SE2d 338). Slight circumstances may be sufficient corroboration, and ultimately the question is one for the jury. *Burnett v. State,* 236 Ga. 597, 598 (225 SE2d 28). If there is any corroborating evidence we will not go behind the jury and pass upon its probative value. *Dorsey v. State,* 204 Ga. 345, 347 (49 SE2d 886); *Burnett v. State,* 236 Ga. 597, 598, supra. Defendant's enumerations are meritless.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

SUBMITTED JULY 12, 1977 — DECIDED SEPTEMBER 9, 1977.

*Benjamin Zeesman,* for appellant.
*D. E. Turk, District Attorney,* for appellee.