## 32907. REDFIELD v. THE STATE.
## 32908. STONE v. THE STATE.

MARSHALL, Justice.

The defendants, tried jointly, appeal from their convictions of murder and their life sentences.

1. The verdict was authorized by the evidence as to both appellants.

The corpus delicti was established by eyewitness testimony that appellant Stone, with the aid of appellant Redfield, shot the victim twice under circumstances of express and implied malice. The apparent motive for the shooting arose from the fact that Stone recently had been forceably evicted from his apartment by his landlord, the victim. The state's expert witness, Dr. Tate, testified that the victim had died two weeks after the shooting, of pulmonary embolus secondary to wounds consistent with bullet wounds, in one of which a bullet was found. Dr. Tate also testified that there was almost no likelihood of death from this disease for a man of the victim's age and physical condition. "Where one inflicts an unlawful injury, such injury is to be accounted as the efficient, proximate cause of the death, whenever it shall be made to appear, either that (1) the injury itself constituted the sole proximate cause of the death; or that (2) the injury directly and materially contributed to the happening of a subsequent accruing immediate cause of the death; or that (3) the injury materially accelerated the death, although

_____

question of the trial judge's authority otherwise to grant the specific relief in this order.

proximately occasioned by a pre-existing cause." *Wilson v. State,* 190 Ga. 824, 829 (10 SE2d 861) (1940); *Ward v. State,* 238 Ga. 367, 369 (233 SE2d 175) (1977). The fact that this expert's opinion may have been based in part on hearsay, goes to his weight and credibility, not to its admissibility. *Gulf Refining Co. v. Smith,* 164 Ga. 811 (4) (139 SE 716) (1927); *Herrin v. State,* 138 Ga. App.729 (7) (227 SE2d 498) (1976).

The appellants argue that the verdict is contrary to the evidence and against the weight of the evidence, because five alibi witnesses allegedly established the appellants' presence elsewhere than the scene of the crime at the time of its commission. The testimonies of these witnesses were inconsistent in material respects both with themselves and with each other. "In determining upon which side of a disputed issue the evidence preponderates, the credibility, and not the number of the witnesses introduced *pro* and *con,* is the proper test." *Savannah, F. & W. R. Co. v. Wideman,* 99 Ga. 245 (4) (25 SE 400) (1895). Counterbalancing these witnesses were eyewitnesses who knew the appellants and who observed them under sufficient lighting conditions to identify them while shooting the victim and fleeing from his store.

2. The trial court did not err in denying the defense motion for new trial based on the ground of newly-discovered evidence. The "new" evidence consisted of medical records of state's witness Willie Gross showing that he had been confined at Battey State Hospital for tuberculosis, had been an outpatient at the "MCG" (Medical College of Georgia?) Clinic, and should be seen for a follow-up examination one month after discharge. Even assuming that this evidence was relevant and prejudicial, it was not newly-discovered, as it was part of the defendant Redfield's Exhibit 2, and was presumably examined by both the trial judge and the jury.

3. The trial judge did not err in allowing witness Willie Gross to testify without a prior examination of mental capacity. "The objection to competency, if known, shall be taken before the witness is examined at all." Code § 38-1611. The trial judge does not have to conduct a preliminary examination of the witness until an objection is interposed. *Bryant v. State,* 236 Ga. 790 (1) (225 SE2d

309) (1976). Everyone is presumed competent to testify, and even where a person is shown to have been insane, or to have been adjudged insane previously and is presently in a state mental hospital, this does not necessarily render such person incompetent to testify. *Conoway v. State,* 171 Ga. 782 (3) (156 SE 664) (1931). The defendants' failure to interpose a timely objection to the witness' competency at trial, either before or after the witness testified, precludes this objection on review. See *Clenney v. State,* 229 Ga. 561 (3) (192 SE2d 907) (1972). All of the defense questions to witnesses went to the credibility, rather than the competency, of witness Gross.

4. The prosecution, in an effort to show the admitted flight of defendant Stone following his release on bond, elicited, perhaps inadvertently, testimony of Stone's having been charged initially with aggravated assault with intent to murder and criminal attempt armed robbery. Defense counsel moved for mistrial on the ground that Stone stood neither charged nor indicted for criminal attempt armed robbery. The trial judge gave curative instructions to the jury and denied the motion.

Stone was initially charged with having committed these two other crimes. The aggravated assault charge was changed to a murder charge after the victim died. Even assuming that the testimony of the armed robbery charge was error, it is highly probable that the error did not contribute to the judgment. The jury was cautioned by the judge not to consider this testimony. Under the circumstances, the denial of mistrial was not an abuse of discretion.

5. The appellants attacked, for the first time in their motion for new trial, the composition of the grand jury which indicted them.

"A challenge to the array of grand jurors is waived unless timely filed. As stated in *Sanders v. State,* 235 Ga. 425 [(219 SE2d 768) (1975) (cert. den., 425 U. S. 976 (96 SC 2177, 48 LE2d 800) (1976))]: 'In order for such a motion to be entertained by the trial court, it must be made prior to the return of the indictment or the defendant must show that he had no knowledge, either actual or constructive, of such alleged illegal composition of the grand jury prior to the time the indictment was returned; otherwise, the

objection is deemed to be waived. *Estes v. State,* 232 Ga. 703, 708 (208 SE2d 806) (1974). Accord, *McHan v. State,* 232 Ga. 470, 471 (2) (207 SE2d 457) (1974); *Simmons v. State,* 226 Ga. 110, 111 (1a) (172 SE2d 680) (1970); *Williams v. State,* 210 Ga. 665, 667 (82 SE2d 217) (1954).' Appellant in this case made no effort to show that he had no knowledge, prior to the return of the indictment, of the alleged illegal composition of the grand jury. We find under the facts of this case that appellant waived the objection to the composition of the grand jury." *Tennon v. State,* 235 Ga. 594 (1) (220 SE2d 914) (1975).

The appellants contend that, notwithstanding their failure to timely challenge the array of the grand jury, a challenge to the array of the same grand jury was sustained by the Superior Court of Richmond County in an order in another criminal case on April 29, 1977, and that this court can take judicial notice of that order. The appellants were indicted in July of 1976, and were tried on March 30- 31, 1977. Even assuming that this order (which is not shown to have been appealed or upheld) is correct, we do not see how it can provide these appellants any relief in this case for the primary reason that they have waived any objection to the composition of the grand jury, as we have previously stated.

6. Enumerated error 5 in appellant Stone's appeal is as follows: "The court errored [sic] in denying the defense motion for additional peremptory strikes when selecting the jury." This enumeration is not argued, or supported by citation of authority in the brief, and there was no oral argument in this case; therefore, it is deemed to have been abandoned. *Andrew v. State,* 229 Ga. 388, 389 (191 SE2d 841) (1972); *Ezzard v. State,* 229 Ga. 465 (1) (192 SE2d 374) (1972); *Rodriguez v. Newby,* 131 Ga. App. 651 (5) (206 SE2d 585) (1974).

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only as to Division 5.*

SUBMITTED NOVEMBER 22, 1977 — DECIDED JANUARY 4, 1978.

*Harrison, Jolles, Miller & Bush, Henry A. Miller,* for Redfield.

*Leiden & Butler, Terrence P. Leiden,* for Stone.
*Richard E. Allen, District Attorney, Evita A. Paschal, Assistant District Attorney, Arthur K. Bolton, Attorney General, James L. Mackay, Assistant Attorney General,* for appellee.