## 59424. MITCHELL v. THE STATE.

DEEN, Chief Judge.

The defendant was indicted, tried and convicted of involuntary manslaughter in the commission of an unlawful act in that he pointed a pistol at another (a misdemeanor violation of Code § 26-2908) and was guilty of reckless conduct (as specified by Code § 26-2910, another misdemeanor) in the course of which he caused the pistol to fire, killing a person on the other side of his bedroom door. His appeal, challenging the constitutionality of Code § 26-2910, was transferred by the Supreme Court to this court. *Held:*

1. The issue of constitutionality of this statute was decided contrary to the contentions of the appellant in *Horowitz v. State,* 243 Ga. 441 (254 SE2d 828) (1979). This also disposes of the remaining demurrers because the indictment did charge a violation of criminal law, specifying the unlawful acts of reckless conduct and pointing a pistol at another, as a result of which the victim was fatally wounded.

2. Although the unlawful acts of pointing a gun and reckless conduct were alleged conjunctively in the indictment, proof of the homicide as a result of either of them is sufficient to authorize a conviction. "Where under a penal statute an offense may be

committed by the doing of any one of several forbidden acts, a conviction may be had upon an indictment which in a single count charges the accused with the commission of two or more of them, if there be satisfactory proof that he committed at least one of the acts therein specified." *Brazil v. State,* 117 Ga. 32 (43 SE 460) (1902). The court properly instructed the jury that they could return a verdict of guilty if either of the unlawful acts charged was supported by evidence.

3. One may not put questions even to an expert witness so as to call for his opinion on the exact ultimate issue before the jury. Hamilton v. United States, 73 F2d 357. While such an expert may give aid to the jury he cannot, under the guise of giving testimony, state a legal conclusion as to a matter at issue. *Travelers Ins. Co. v. Thornton,* 119 Ga. 455 (46 SE 678) (1904); *Hartford Accident & Indemnity Co. v. Camp,* 69 Ga. App. 758 (26 SE2d 679) (1943). The witness may not, on a vital matter, enter the domain of the jury, whose right and duty it is to form its own conclusions uninfluenced by the opinion of others. *Harris v. State,* 188 Ga. 745, 746 (1) (4 SE2d 651) (1939). See also *Harris v. State,* 221 Ga. 398 (144 SE2d 769) (1965); *Garrett v. State,* 147 Ga. App. 500 (249 SE2d 315) (1978). It was not error to exclude on objection an opinion of a member of a city police department who was not present at the time of the homicide as to whether the shooting, in his opinion, was accidental.

*Judgment affirmed. Birdsong and Sognier JJ., concur.*

SUBMITTED FEBRUARY 6, 1980 — DECIDED APRIL 9, 1980 — REHEARING DENIED APRIL 24, 1980 —

*Stephen P. Harrison,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Assistant District Attorney,* for appellee.