## 61023. McCRANIE v. THE STATE.

QUILLIAN, Chief Judge.

This is an appeal from the denial of a motion to modify defendant's conviction and sentence.

On his plea of guilty defendant was convicted in December 1976 of the offenses of statutory rape and incest because of an act of sexual intercourse with his 13-year-old daughter and was sentenced to 20 years for each of the offenses, to be served concurrently.

In May 1980 defendant moved to modify the judgment and sentence on the ground that he should not have been convicted and sentenced for both incest and statutory rape because Code Ann. § 26-506 (a) (Ga. L. 1968, pp. 1249, 1267) prohibits conviction of more than one crime when the same conduct establishes the commission of more than one offense and one crime is included in the other.

The trial court denied the motion stating that it was without jurisdiction to grant relief because Code Ann. § 27-2502 (Ga. L. 1974, pp. 352, 354) prohibits the modification of a sentence after the term of court in which the sentence was imposed. *Held:*

1. On the facts of this case incest is an included offense of statutory rape. "An examination of the elements of rape and incest... reveals that, as a matter of *fact,* if appellant were found to have engaged in sexual intercourse, a necessary element of rape, with his

niece, an incestuous relationship proscribed by Code Ann. § 26-2006, then he must necessarily have committed the crime of incest. Thus, applying the 'alternative' test enunciated in *Pryor [v. State,* 238 Ga. 698 (234 SE2d 918)], it appears that as a matter of *fact,* in the instant case, the crime of incest is 'included' within the crime of rape, as intended by Code Ann. § 26-505." *Ramsey v. State,* 145 Ga. App. 60 (10) (243 SE2d 555), reversed as to sentence only, 241 Ga. 426 (246 SE2d 190). Accordingly, defendant's conviction of incest was in violation of Code Ann. § 26-506 (a), supra, and void.

2. A void judgment is a nullity and may be so held in any court when material to the interest of the parties. Code Ann. § 110-709 and see *Bowen v. State,* 144 Ga. App. 329, 334 (On Motion for Rehearing) (241 SE2d 431). It follows that the sentence for a void judgment of conviction is also void and may be modified in a subsequent term of court without violating Code Ann. § 27-2502.

"As was stated in [*Wade v. State,* 231 Ga. 131, 133 (200 SE2d 271)]: 'We think it is clear that a superior court judge cannot modify sentence after the expiration of the term of court at which the sentence was imposed. See Code Ann. § 27-2502. However, if the sentence imposed was a void sentence, then a new and valid sentence can be imposed by the trial judge at any time. See *Heard v. Gill,* 204 Ga. 261 (49 SE2d 656).' " *Reynolds v. State,* 132 Ga. App. 89 (1), 91 (207 SE2d 630).

3. The state contends that the defendant's motion to modify judgment and sentence is not an appropriate remedy, the proper one being habeas corpus because of a void conviction. Habeas corpus is an appropriate remedy for release from detention because of a void conviction and also to determine the validity of a sentence where a prisoner is also serving another and valid sentence. See *Atkins v. Hopper,* 234 Ga. 330 (2) (216 SE2d 89) and cases there cited. But habeas corpus is not necessarily an exclusive or sole remedy where, as here, there is also authority for a court to impose a valid sentence if the original sentence has been determined to be void as we have found in the preceding division.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED JANUARY 13, 1981.

*Kenneth R. Fielder,* for appellant.
*Phillip R. West, District Attorney,* for appellee.