62049. SIMS v. THE STATE.

Sognier, Judge.

Sims was convicted of armed robbery.

1. Appellant first contends the trial court erred by denying his motion for mistrial after the court failed to conduct a hearing outside the presence of the jury to determine whether an in-court identification of appellant was tainted and should have been suppressed. However, the transcript discloses no motion for a mistrial, nor was any request made at trial to conduct a hearing outside the presence of the jury. Hence, there is nothing for us to review. *Sumners v. State,* 137 Ga. App. 493, 494 (224 SE2d 126) (1976).

2. Appellant next appeals on the general grounds, contending the evidence was all circumstantial and does not exclude every reasonable hypothesis except that of the guilt of appellant. However, both victims of the robbery positively identified appellant as the person who robbed them by placing a pistol to their heads and taking their money. This evidence is more than sufficient to sustain the verdict, and we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

Decided September 24, 1981.

*C. P. Brackett, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.