## 62627. COPELAND v. THE STATE.

SHULMAN, Presiding Judge.

This appeal is from appellant's conviction of one count of incest and two counts of statutory rape. The victim was appellant's 12-year-old granddaughter.

1. In his first enumeration of error, appellant raises the general grounds, contending that the state failed to corroborate the testimony of the victim as is required in a statutory rape case by Code Ann. § 26-2018. The record refutes that argument. There was medical testimony supportive of the victim's testimony, evidence of the victim's complaint at her first opportunity to do so, and evidence showing that appellant raped the victim's mother (appellant's daughter) when she was 12 years old. "Slight circumstances may be sufficient corroboration of the crime of rape in addition to the testimony of the female in order to convict. [Cits.] Evidence of similar crimes which have a logical connection may be offered in evidence to show plan, scheme, bent of mind and course of conduct. Such evidence has also been recognized as corroboration evidence. [Cits.]" *Wynne v. State,* 139 Ga. App. 355 (2) (228 SE2d 378). The victim's testimony was sufficiently corroborated.

2. Appellant's second enumeration of error concerns the admission into evidence of testimony concerning the content of the

victim's initial complaint on one of the occasions on which appellant was accused of raping the victim. We find no error in the admission of that testimony. "In corroboration of the victim's testimony that a rape has been committed on her, testimony is admissible that shortly after the commission of the offense she made complaint to those to whom complaint would naturally be made. [Cit.] Where the complaint is made so shortly after the commission of the act as to constitute a part of the res gestae, the details of the complaint may be related. [Cits.]" *Price v. State,* 233 Ga. 332 (2) (211 SE2d 290). It appears from the record in this case that the victim related her complaint to the witness, her grandmother, immediately upon the witness' return from work. The victim's grandmother was the person to whom complaint would naturally be made because she was acting in loco parentis to the victim. Furthermore, it does not appear that any considerable length of time elapsed between the rape and the complaint. The grandmother's testimony was properly admitted.

3. Appellant contends in his third enumeration of error that the trial court erroneously curtailed defense counsel's effort to perfect his objections to the grandmother's testimony. However, appellant has not offered any ground in this court in opposition to the admission of that testimony that he did not offer below. Even assuming counsel's objection was cut short by the trial court (the record does not demand such a conclusion), appellant has shown no harm therefrom. The third enumeration of error is without merit.

4. Three witnesses — the victim, the victim's mother, and the victim's grandmother — gave testimony concerning the victim's paternity. Their testimony was that when the victim's mother (appellant's daughter) was 12 years old, appellant raped her, as a result of which the victim was conceived. In two enumerations of error, appellant contends that the evidence was inadmissible and that the trial court erred in failing to grant a mistrial when the evidence was offered. We cannot agree.

Proof of similar offenses committed by the accused in a similar manner are admissible to show motive, plan, scheme, bent of mind and course of conduct. *Burnett v. State,* 234 Ga. 741, 744 (218 SE2d 4). It makes no difference that appellant was not prosecuted for and convicted of the first rape. See *Rivers v. State,* 147 Ga. App. 19 (1) (248 SE2d 31). Enumerations of error 4 and 5 present no reason for reversal.

5. The sixth enumeration of error asserts that the trial judge, while questioning state witnesses, intimated an opinion as to facts and was argumentative and prosecutorial in tenor, manner, and tone. "We have carefully examined the questions propounded by the trial judge and conclude they are not subject to these objections. 'The trial

judge has the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case; and the extent to which the examination conducted by the court shall go is a matter within his discretion. And a lengthy examination by the court of a witness called by either party will not be cause for a new trial, even though some of the questions propounded by the court were leading in character, unless the court, during the examination of the witness by himself, expresses or intimates an opinion on the facts of the case, or as to what has or has not been proved, or the examination takes such course as to become argumentative in character.' [Cits.] The tone of voice of a trial judge is not reviewable. [Cit.] This enumeration of error is without merit." *Wilson v. State,* 229 Ga. 224 (2) (190 SE2d 78).

6. When defense counsel complained at trial about the court questioning witnesses, the relief sought was a mistrial. The trial court reserved a decision on the motion, but never ruled one way or the other. That failure to rule is the subject of appellant's seventh enumeration of error.

Assuming that the court's failure to rule was tantamount to a denial, we see no error. As we held in the preceding division of this opinion, there was no error in the trial court's questioning. That being so, appellant was clearly not entitled to a mistrial.

Furthermore, it is still the rule in criminal cases that a defendant dissatisfied with a trial court's action on a motion for mistrial must renew the motion. The failure to do so amounts to a waiver. *Delaney v. State,* 154 Ga. App. 772 (1) (270 SE2d 48). We view appellant's failure to invoke a ruling on his motion as the equivalent of a failure to renew the motion. This enumeration of error is therefore not meritorious.

7. The eighth enumeration of error involves testimony that the victim had been undergoing counseling. Appellant contends that testimony was not relevant and was prejudicial to him. While there may have been some prejudicial effect, we see no error. The testimony was relevant to the establishment of a witness' knowledge of matters in the case and to her role in initiating the prosecution. The admission of that testimony does not require reversal.

8. At the close of all the evidence, appellant moved for a directed verdict on the ground that the state had failed to prove venue. Appellant's ninth enumeration of error complains of the denial of that motion.

Just as the Supreme Court in *Scott v. State,* 210 Ga. 137 (5) (78 SE2d 35), took judicial notice that Brunswick, Georgia, is in Glynn County, so do we take judicial notice that Cairo, Georgia, is in Grady County, the county in which appellant was tried. The uncontradicted evidence at trial was that the offenses took place in Cairo, Georgia.

That being so, there was no error in the denial of appellant's motion for a directed verdict.

9. Appellant's tenth and eleventh enumerations of error have not been supported by argument or citation of authority. They are, therefore, deemed abandoned. Rule 15 (c) (2), Rules of the Court of Appeals (Code Ann. § 24-3615 (c) (2)).

10. In his twelfth enumeration of error, appellant complains of a jury instruction given by the trial court. However, at the conclusion of the jury charge the trial judge asked counsel whether he had any objections to the charge. Counsel replied that he did not. Having expressly waived objection in the trial court, appellant may not now raise objections to the charge. *White v. State,* 243 Ga. 250 (253 SE2d 694).

11. Citing *McCranie v. State,* 157 Ga. App. 110 (276 SE2d 263), appellant contends in Enumeration of error 13 that the trial court erred in sentencing him for the offenses of statutory rape and incest. That argument is based on the holding in *McCranie* that incest was a lesser included offense of statutory rape under the facts of that case. There is, however, an essential distinction between the present case and *McCranie* which makes the holding there inapplicable here: there was but one act of intercourse involved in *McCranie;* the evidence here shows at least three such acts. The indictments were drawn in such a fashion as to authorize convictions (if supported by the evidence) for incest during one period of time, statutory rape on another occasion during that same period, and another count of statutory rape on a later date. The evidence did support a finding that at least two acts of intercourse occurred during the period covered by the incest charge and one of the statutory rape charges, and that another act of intercourse occurred on the date alleged in the second statutory rape count. It is clear, therefore, that the trial court committed no error in sentencing appellant on all three offenses.

12. In his fourteenth and final enumeration of error, appellant contends that the trial court erred in its consideration of prior convictions during the sentencing phase of the trial. Our review of the record reveals no objection by appellant to the procedure followed in sentencing. That being so, there is nothing for this court to review. *McKisic v. State,* 238 Ga. 644 (5) (234 SE2d 908); *Chapman v. State,* 154 Ga. App. 532 (4) (268 SE2d 797); *Wilcox v. State,* 153 Ga. App. 719 (3) (266 SE2d 356); *Bradshaw v. State,* 145 Ga. App. 664 (1) (244 SE2d 600). The statement in *Wells v. State,* 151 Ga. App. 416 (7) (260 SE2d 374), to the effect that no objection is necessary to trigger appellate review of the sentencing phase of a trial is contrary to controlling authority and is hereby overruled.

*Judgment affirmed. Quillian, C. J., Deen, P. J., McMurray, P. J.,*

*Banke, Birdsong, Carley, Sognier and Pope, JJ., concur.*

DECIDED JANUARY 5, 1982.

*J. Patrick Ward,* for appellant.
*Gilbert J. Murrah, District Attorney, Edward C. Parker, Assistant District Attorney,* for appellee.