70136. HICKS v. THE STATE.
(333 SE2d 113)

SOGNIER, Judge.

Appellant was convicted of child molestation and appeals.

1. Appellant contends error in denial of his motion to suppress pretrial statements and testimony of the victim, a five-year-old child, as the statements and testimony were the result of undue influence by law enforcement officers and agents of the State. Although appellant wrongfully denominated his motion as one to suppress, which applies only to evidence obtained as a result of an unlawful search and seizure (OCGA § 17-5-30), we will treat it as a motion in limine in which appellant sought to bar certain hearsay testimony by witnesses and raised the issue of the competency of the five-year-old victim. At the conclusion of the motion hearing the trial court reserved ruling, stating that it would deal with the issues as they arose.

When the victim first testified appellant did not renew his objection and the prosecuting attorney questioned the victim as to her competency. The victim testified and the trial court ruled thereafter that she was competent. The competency of a witness is one of law for the trial judge to determine in his discretion, OCGA § 24-9-7, and this discretion will not be overturned absent an abuse of discretion. *Porter v. State*, 237 Ga. 580, 581 (2) (229 SE2d 384) (1976). We find no abuse of discretion here.

As to other witnesses the trial court informed appellant's counsel at the conclusion of the motion hearing that each issue would be dealt with as it arose. Appellant did not object to the testimony of the witnesses and invoke a ruling of the court. Thus, there is nothing for us to review in this regard. *Sims v. State*, 159 Ga. App. 692 (1) (285 SE2d 65) (1981).

2. Appellant contends it was error to allow an expert witness to testify, over objection, that in his opinion the five-year-old victim was telling the truth. Appellant made no objection to such testimony on direct examination, and objected only when the same question was asked on redirect examination. The court made no ruling on the objection, so there is nothing for us to review. *Sims*, supra.

3. Appellant contends error in denial of his motion for a new trial on the ground that the district attorney thwarted the investigation of the truth and prevented appellant from receiving a fair trial. There is no record or transcript of the hearing on appellant's motion for a new trial, and in the absence of any evidence in the record, it is presumed the trial court acted properly in denying appellant's motion for a new trial on the ground stated. *Riggins v. State*, 159 Ga. App. 791 (285 SE2d 579) (1981); *Thomas v. State*, 174 Ga. App. 560 (330 SE2d 777) (1985).

4. Lastly, appellant contends the trial court erred by denying his motion for a new trial because the evidence was insufficient as a matter of law to sustain the verdict.

While the evidence against appellant was weak and the victim made several contradictory statements as to what had happened to her, she did acknowledge, by demonstration with a doll, that appellant had injured her with his penis. The resolution of a witness' testimony, although contradictory, is for the jury. *Dodys v. State*, 73 Ga. App. 311 (3, 4) (36 SE2d 164) (1945). Hence, we find that a rational juror could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs in Divisions 1, 2 and 4 and in the judgment.*

DECIDED JUNE 11, 1985 —
REHEARING DENIED JUNE 26, 1985 — 

*C. P. Brackett, Jr.*, for appellant.
*Lindsey Tise, District Attorney*, for appellee.