### 71839. WELCHEL v. THE STATE.
(344 SE2d 523)

SOGNIER, Judge.

Welchel appeals his conviction of aggravated assault with intent to rape, aggravated assault with a deadly weapon and aggravated battery.

1. Appellant contends the trial court erred by allowing into evidence testimony of an impermissibly and unduly suggestive pretrial identification procedure.

The victim in this case was found unconscious on the floor of her trailer and was taken to Kennestone Hospital. She was suffering from cigarette burns on both wrists, a massive burn on her left leg, swelling of the legs and left arm, and contusions generally over her body, including a severe contusion on the left part of the head. She had severe swelling of the brain requiring surgery to implant a drainage tube to reduce the swelling. When the victim regained consciousness four days later an investigator for the Cherokee County sheriff's department went to the hospital and asked the victim five or six questions. Although the victim could not talk, she answered by nodding her head. Based on the victim's responses the investigator took out arrest warrants for appellant. Appellant contends this was an impermissibly suggestive pretrial identification. This contention is not well-taken, since there was no pretrial identification testimony. The investigator

did not testify as to what questions he asked the victim or to her responses. Appellant was not present at the hospital, so the victim could not have made a pretrial identification of appellant. Further, the victim testified that she did not see appellant from the time of the incident until her appearance in court at this trial, and did not see any pictures of appellant during that time. Since there was no pretrial identification, there is nothing for us to review. *Sims v. State*, 159 Ga. App. 692 (2) (285 SE2d 65) (1981).

Although the investigator later testified on cross-examination that he gave a name to the victim when he first talked to her at the hospital, the victim testified that she had no recollection whatsoever of talking to the investigator at the hospital. Even assuming, for.the purpose of argument only, that giving a name to the victim constituted an "identification," it could not taint the victim's in-court identification of appellant, because the victim had no recollection of any "identification" by the investigator.

2. Appellant contends the trial court erred by limiting his right to a thorough and sifting cross-examination of the victim concerning her mental problems.

On cross-examination the victim testified that she had tried to commit suicide by taking large overdoses of different substances on three occasions in the past. The State's objection to further cross-examination on this matter, on the grounds of relevance, was sustained. Appellant contends the victim's state of mind and emotional stability was relevant on the issue of her credibility as a witness. However, in sustaining the State's objection, the court qualified its ruling by stating: "Unless you can link it up to time and place, or otherwise." Instead of attempting to do so, appellant's counsel dropped the matter and continued his cross-examination on other matters.

The scope of cross-examination rests within the discretion of the trial judge, to control that right within reasonable grounds, and his discretion will not be controlled by a reviewing court unless it is abused. *Anderson v. State*, 165 Ga. App. 885, 887 (5) (303 SE2d 57) (1983). We do not view the court's action here as limiting appellant's right to a thorough and sifting cross-examination of the victim. Rather, the court was informing counsel to limit his cross-examination to relevant matters, and if he could connect up the testimony and show its relevancy, he was free to do so. Under such circumstances we find no abuse of the trial court's discretion.

3. Appellant contends the trial court erred by refusing to rule that the offense of aggravated assault with a deadly weapon merged with the offense of aggravated assault with intent to rape. We do not agree.

The only direct evidence of assault in this case is the testimony of the victim. She testified that appellant came to her door and asked

to use her telephone, as his phone (in the same trailer park) was out of order. The victim let appellant enter her trailer and use her telephone; as he was leaving, appellant grabbed the victim and kissed her. The victim jerked away and started throwing dishes at appellant. Appellant "came over and hit me with something. I never saw anything in his hand. He may have had something, and I just didn't see it. And, that's the last thing I remember." The victim was found unconscious on the floor the next morning with part of her body in her bedroom and part of her body in the hallway. She was nude from the waist down, with cigarette burns on her wrists, a massive burn on half of one leg, massive swelling of her legs, and contusions on her left arm and the left side of her head.

It is clear from this evidence that more than one assault occurred, the first aggravated assault when the victim was knocked unconscious in the living room, and the second assault with intent to rape in the victim's bedroom. See *Sylvester v. State*, 168 Ga. App. 718 (2) (310 SE2d 284) (1983). Hence, the court's failure to rule that the offenses merged was not error.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 10, 1986.

*P. Samuel Huff*, for appellant.
*Rafe Banks III, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney*, for appellee.