A89A0997. SHORTT v. THE STATE.
(382 SE2d 209)

McMURRAY, Presiding Judge.

Defendant was charged by indictment with the offenses of two counts of homicide by vehicle in the first degree (Counts 1 and 2), two counts of violation of the Georgia Controlled Substances Act (Counts 3 and 4), driving under the influence (Count 5), and driving on the wrong side of the road (Count 6). A jury returned a verdict of not guilty on the charge of driving under the influence. On Counts 1 and 2, defendant was convicted of the lesser offenses of homicide by vehicle in the second degree. He was also convicted of the two counts of violation of the Georgia Controlled Substances Act (Counts 3 and 4)

and of driving on the wrong side of the road (Count 6). Defendant was sentenced on each of the charges of which he was convicted, although the sentence for driving on the wrong side of the road was vacated pursuant to the trial court's conclusion that such offense merged into the offenses of homicide by vehicle in the second degree. On appeal defendant's sole enumeration of error raises the sufficiency of the evidence in support of the conviction of the two offenses of homicide by vehicle in the second degree and the offense of driving on the wrong side of the road. *Held*:

The evidence when viewed in a light most favorable to the verdict shows that on the morning of December 5, 1987, defendant was driving his automobile southbound on Georgia Highway 75 in White County. Defendant's automobile crossed the centerline of the highway into the northbound lane and collided with a northbound automobile. The driver and one of the passengers of the northbound automobile were killed in the collision.

No witness to the collision testified at trial. The State's evidence as to the manner in which the collision occurred consisted of the opinion testimony of two Georgia State troopers based on information gathered at the scene of the collision after the event. Trooper Gober arrived at the scene of the collision approximately 23 minutes after the collision. This experienced officer had investigated approximately 3,300 motor vehicle collisions in his eight years with the Georgia State Patrol. Trooper Gober testified that he found fresh gouge marks (a depression left in the pavement by some metal part of the automobiles on impact). While the highway was 23 feet 8 inches wide, the gouge mark was 7 feet 8 inches from the east side of the pavement. Based on the location of the gouge mark, the damage to the automobiles, and the location where the automobiles came to rest, Trooper Gober opined that at the time of the impact defendant's automobile was in the northbound lane and that the automobile with which defendant collided had also been in the northbound lane, its proper lane of travel.

Another State Trooper, Sergeant Swatzenberg, testified as an expert in the area of accident reconstruction. Sergeant Swatzenberg, who did not visit the scene of the collision, testified as to his opinion based upon Trooper Gober's accident report and photographs of the scene taken shortly after the collision. The photographs show the damage to the automobiles and the positions at which they came to rest. Sergeant Swatzenberg opined that at the time of the collision defendant's automobile had been in the northbound lane, that is, on the wrong side of the road.

Prior to a lunch recess during the trial, Trooper Gober had made repeated references to the *right* front of defendant's automobile being the primary area of damage. After the lunch recess, Trooper Gober

testified that the primary area of damage to defendant's automobile had been the *left* front. Trooper Gober explained the change in his testimony by stating that he had been confused about the question that morning. The effect of this confusion on the weight of this witness' testimony was for the jury to determine. *Hicks v. State*, 175 Ga. App. 243, 244 (4) (333 SE2d 113).

Viewing the evidence in a light most favorable to the verdict, we conclude that the jury could have found that the evidence excluded every other reasonable hypothesis except that of defendant's guilt of the offenses of which he was convicted. OCGA § 24-4-6. A rational trier of fact could reasonably find defendant guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Franklin v. State*, 189 Ga. App. 405, 409 (3) (376 SE2d 225).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED MAY 9, 1989.

*Whitmer & Law, James H. Whitmer, G. Hammond Law III*, for appellant.

*C. Andrew Fuller, District Attorney, Jessica K. Vaughn, Assistant District Attorney*, for appellee.